DECISION
This appeal concerns the real market value (RMV) of certain real property identified in the Lane County tax records as Account 0243921. The appraisal date for the 2007-08 tax year was January 1, 2007.
A trial was held on June 10, 2009. William l. Mahn, County Appraiser, testified for Plaintiff, hereinafter referred to as "Assessor." David E. Carmichael, Attorney at Law, represented Defendant, hereinafter referred to as "Taxpayer." Jeff Elder (Elder), Real Estate Broker, and Corey Dingman (Dingman), Appraiser, testified as witnesses for Taxpayer.
Subsequently, written materials were filed. The record closed July 2, 2009.
 I. STATEMENT OF FACTS
Taxpayer owns a commercial shopping facility located on Coburg Road in Eugene, directly across from the regional Oakway Center. The land totals 37,703 square feet. Erected on the site is a 11,217 square foot building that houses several businesses. (Ptf's ExS 3, 4.)
Assessor initially valued the property at a total RMV of $4,521,240. Upon Taxpayer's appeal to the Lane County Board of Property Tax Appeals, that total was reduced to $3,770,000. *Page 2 
Assessor now appeals to the Magistrate Division, seeking a return to the $4,521,240 RMV. At trial, Assessor modified that request to $4,410,000 to conform to the evidence presented. Taxpayer seeks no change from the BOPTA adjudication.
Assessor presented three pages of valuation analysis at trial, along with supporting photographs and property data. A cost approach to value was not included.
A "Sales Comparable Tabulation Chart" examined three completed sales and one active listing of Lane County property. They were located in Cottage Grove, Springfield and Eugene. Three were purchased for new Walgreens commercial sites. The prices ranged widely from $98.18 to $415.65 per square foot. From that data and other information, Assessor determined a market approach value of $4,486,800. (Ptf's Ex 8.)
A "Lease Comparable Tabulation Chart" looked at six commercial sites. Three of them were businesses located at the subject property. Those latter leases were at $2.50 per square foot. They were utilized in an income approach to value. (Ptf's Ex 9.) Assessor imputed an effective gross income of $321,499. From that, the representative deducted operating expenses of $12,860 to derive a $308,639 net operating income. A 7.0 percent capitalization rate was then applied, which yielded an indicated RMV of $4,409,129. (Ptf's Ex 10.)
Taxpayer's witnesses disagreed with many of Assessor's conclusions. Elder is the leasing agent at the subject property. He testified about the tenants and the lease levels. He stated that higher rents were not possible during the 2006 year. The 2006 year profit and loss statement was provided by Taxpayer. It indicated $118,838 total income matched with $194,364 total expenses to yield a net loss in excess of $75,000. (Def's Ex B.) For the next year — 2007 — the net income rose to $180,406. (Def's Ex C.) *Page 3 
Dingman is an independent appraiser who was involved in valuing the site before the building was constructed. A January 10, 2006, appraisal report concluded a "Prospective Value at Stabilized Occupancy (11/1/06)" to be $3,770,000. As to Assessor's sales, Dingman viewed that any transactions involving Walgreens as inherently dissimilar. He stated most of those transactions usually involved leases of 75 years which was not comparable for application to the subject property.
 II. ANALYSIS
The court's objective is to determine the RMV of Taxpayer's property as of January 1, 2007. ORS 308.205(1)[1] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
The court initially looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003). Here, the sales properties were primarily of dissimilar nature, both as to location and the potential financial terms.
This is a new commercial operation. The cost approach is especially important to the court. A detailed analysis was not provided for trial examination by either party.
The income approach clearly presents problems when valuing an immature property. Indeed, the subject showed high losses during its infancy. The levels urged in Assessor's study are perhaps more persuasive for the subsequent January 1, 2008, assessment date. Even then, however, the court is hesitant to markedly increase an assessment based on untested financial *Page 4 
assumptions. Also, the estimated capitalization rate does not fully capture all of the risks inherent in the scope of the commercial project.
In such appeals, Assessor has the burden of proof and must establish the case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312
(1971). "[I]f the evidence is inconclusive or unpersuasive, the (Plaintiff) will have failed to meet his burden of proof." Reed v. Dept.of Rev., 310 Or 260, 265, 798 P2d 235 (1990). Assessor in this case has not met that statutory requirement. Accordingly, the appeal must be denied. The RMV as set by the Lane County Board of Property Tax Appeals shall remain undisturbed.
 III. CONCLUSION
The weight of the evidence presented at trial does not support the request for an assessment increase for the 2007-08 tax year. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This Decision was signed by Magistrate Jeffrey S. Mattson on March 10,2010. *Page 5 
 The court filed and entered this Decision on March 10, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1